# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cv-590-FDW

| | |
|---|---|
| SHERRAD DAVIDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SERGEANT JANE DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court following Plaintiff's failure to respond to the Court's order dated March 6, 2015, requiring Plaintiff to submit a memorandum showing cause as to why this action should not be dismissed as to Defendants John Hinson, Cole, Davis, Lemon, and Clelland. (Doc. No. 34). On October 23, 2013, pro se Plaintiff Sherrad Davidson, a North Carolina state court inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, filed this action, pursuant to 42 U.S.C. § 1983, purporting to bring claims against Defendants for excessive force and denial of medical care in violation of his constitutional right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution. Plaintiff also alleged state law tort claims for assault, battery, and negligence against various Defendants.

Plaintiff named as Defendants the following employees of Lanesboro Correctional Institution: (1) Jane Davis, identified as a Sergeant with Lanesboro; (2) John Lemon, identified as a Sergeant with Lanesboro; (3) Jane Cole, identified as a Unit Manager of Lanesboro; (4) Ken Beaver, identified as an Assistant Superintendent for Custody at Lanesboro; (5) Jack Clelland,

1

identified as an Assistant Superintendent for Programs at Lanesboro; (6 & 7) two Correctional Officers with Lanesboro, both identified as having the name John Hinson[1]; and (8) Wendell Hargrave, identified as the Acting Correctional Administrator at Lanesboro. Plaintiff's action arises out of an incident that allegedly occurred at Lanesboro on July 5, 2013.

On June 13, 2014, this Court conducted an initial review of Plaintiff's Complaint. (Doc. No. 15). As a result, Defendant Hargrave was terminated. The Court found that Plaintiff's claims survived initial review as to all other Defendants. This Court's docket indicates that summonses were issued to the U.S. Marshal for service on the remaining Defendants on June 20, 2014. (Doc. No. 16). On July 11, 2014, the U.S. Marshal returned the summonses as executed as to Defendants Beaver and Hinson. (Doc. No. 17). On September 30, 2014, Defendant Beaver filed a motion to dismiss based on failure to state a claim, based on failure to exhaust administrative remedies, and based on public official immunity and qualified immunity. (Doc. No. 24). On the same day, Kearry Hinson filed an Answer, stating that Plaintiff had incorrectly identified him as John Hinson. (Doc. No. 23 at 1 n.2). On October 7, 2014, the Court entered an order granting Plaintiff fourteen days in which to respond to the motion to dismiss. (Doc. No. 26). On November 26, 2014, Plaintiff filed a motion for extension of time in which to respond to the motion to dismiss. (Doc. No. 27). The Court granted the motion for extension of time on December 4, 2014, giving Plaintiff thirty days from service of the order in which to respond. (Doc. No. 28). Plaintiff did not respond to the motion to dismiss.

On February 13, 2015, the Court issued an order giving Plaintiff an additional fourteen days in which to respond to the motion to dismiss. (Doc. No. 33). The Court specifically

---

[1] As the Court discusses, infra, one of these officers has filed an Answer, in which he states that his name is Kearry Hinson.

encouraged Plaintiff to address Defendant Beaver's exhaustion argument. The Court also noted in the Order that summonses have been returned as unexecuted as to Defendants Cole, Davis, and Lemon. See (Doc. Nos. 30; 31; 32). The Court also observed that Plaintiff never returned a summons to the Clerk for service on Defendant Clelland.[2] See (Doc. No. 16). The Court stated that Plaintiff had fourteen days in which to submit a memorandum to the Court explaining why these Defendants should not be dismissed based on failure to effectuate service on them.[3] The Court explicitly warned Plaintiff that failure to respond could lead to dismissal of these Defendants without further notice. Plaintiff did not respond.

On March 6, 2015, this Court entered an order granting Defendant Beaver's motion to dismiss and, once again, giving Plaintiff fourteen days in which to submit a memorandum to the Court showing cause as to why Defendants (John) Hinson, Cole, Davis, Lemon, and Clelland should not be dismissed based on failure to effectuate service on them. (Doc. No. 34). The Court explicitly warned Plaintiff that failure to respond would lead to dismissal of these Defendants without further notice. Plaintiff has not responded to the Court's order.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, unless a plaintiff shows good cause, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Furthermore, Plaintiffs have a general duty to prosecute their cases. Rule 41(b) of the Federal Rules of Civil Procedure allows the district court to dismiss an action for failure of

---

[2] The Court inadvertently referred to Clelland as "Melland," which is how Defendant's name is designated on the docket report.
[3] The Court's order did not mention John Hinson, who also has never been served with summons, but the Court's subsequent order of March 6, 2015, specifically included John Hinson.

the plaintiff to prosecute. FED. R. CIV. P. 41(b). Before dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Here, considering the four factors above, the Court finds that dismissal is appropriate as to Defendants (John) Hinson, Cole, Davis, Lemon, and Clelland based on Plaintiff's failure to effectuate service on these Defendants within 120 days of the filing of the Complaint and based on failure to prosecute. Most significantly here, Plaintiff will not be prejudiced because the dismissal will be without prejudice, and Plaintiff still has time to re-file before the statute of limitations runs on his claim. Furthermore, the Court has given Plaintiff several clear warnings before dismissing these Defendants for failure to prosecute.

**IT IS, THEREFORE, ORDERED that:**

1. This action is dismissed without prejudice as to (John) Hinson, Cole, Davis, Lemon, and Clelland. By this order all Defendants in this action have now been dismissed except for Kearry Hinson, who has appeared and filed an Answer.

Signed: March 25, 2015

Frank D. Whitney
Chief United States District Judge